IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SAMUEL T. POOLE,           :
                           :
       Plaintiff,      :
                           :
    v.               :     Civil Action No. 05-233-JJF
                           :
ATT. GEN. JANE BRADY, STATE  :
POLICE, and FAMILY COURT,    :
                           :
       Defendants.     :

---

Samuel T. Poole, <u>Pro</u> <u>Se</u> Plaintiff.

---

**<u>MEMORANDUM OPINION</u>**

December 2, 2005
Wilmington, Delaware

Farnan, District Judge.

The Plaintiff, Samuel T. Poole, a pro se litigant who is
presently incarcerated in the Pennsylvania State Correctional
Institution at Houtzdale, has filed this action pursuant to 42
U.S.C. § 1983.  For the reasons discussed, Plaintiff's Complaint
will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and
1915A(b)(1) for failure to state a claim upon which relief may be
granted and for seeking monetary relief from Defendants immune
from such relief.

## I. STANDARD OF REVIEW

Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a
two-step process.  First, the Court must determine whether the
plaintiff is eligible for pauper status pursuant to 28 U.S.C. §
1915.  In this case, the Court granted Plaintiff leave to proceed
in forma pauperis and assessed an initial partial filing fee of
$11.18.  Plaintiff filed the required form authorizing the
payment of fees from his prison account.  (D.I. 6.)

Once Plaintiff's eligibility for pauper status has been
determined, the Court must "screen" the Complaint to determine
whether it is frivolous, malicious, fails to state a claim upon
which relief may be granted, or seeks monetary relief from a
defendant immune from such relief pursuant to 28 U.S.C. §§

1

1915(e)(2)(B) and 1915A(b)(1).[1]  If the Court finds that Plaintiff's Complaint falls under any one of the exclusions listed in the statutes, the Court must dismiss the Complaint.

When reviewing complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), the Court must apply the standard of review set forth in Federal Rule of Civil Procecdure 12(b)(6). See Neal v. Pennsylvania Bd. of Prob. & Parole, No. 96-7923, 1997 WL 338838 (E.D. Pa. June 19, 1997)(applying Rule 12(b)(6) standard as the appropriate standard for dismissing claim under § 1915A).  Accordingly, the Court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom."  Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).  Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Estelle v. Gamble, 429 U.S. 97, 106 (1976)(quoting Conley v. Gibson, 355 U.S. 41,

_____

[1]These two statutes work in conjunction.  Section 1915(e)(2)(B) authorizes the court to dismiss an in forma pauperis complaint at any time, if the court finds the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief.  Section 1915A(a) requires the court to screen prisoner in forma pauperis complaints seeking redress from governmental entities, officers, or employees before docketing, if feasible, and to dismiss those complaints falling under the categories listed in § 1915A(b)(1).

45-46 (1957)).

The United States Supreme Court has held that the term
"frivolous" as used in Section 1915(e)(2)(B) "embraces not only
the inarguable legal conclusion, but also the fanciful factual
allegation." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).[2]
Consequently, a claim is frivolous within the meaning of Section
1915 (e)(2)(B) if it "lacks an arguable basis either in law or in
fact." <u>Id.</u>

## II. DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.
(D.I. 2.)  Although the Complaint does not make clear the
specific relief Plaintiff is requesting, he apparently seeks both
monetary damages and injunctive relief ordering Defendants to
file criminal charges against various persons and entities.
Plaintiff has also filed a Motion For Appointment Of Counsel.
(D.I. 5.)

To state a claim under § 1983, a plaintiff must allege "a
violation of a right secured by the Constitution and laws of the
United States, and must show that the alleged deprivation was
committed by a person acting under color of state law." <u>West v.</u>

---

[2]<u>Neitzke</u> applied § 1915(d) prior to the enactment of the
Prisoner Litigation Reform Act of 1995 (PLRA).  Section
1915(e)(2)(B) is the re-designation of the former § 1915(d) under
PLRA.  Therefore, cases addressing the meaning of frivolous under
the prior section remain applicable. <u>See</u> § 804 of the PLRA,
Pub.L.No. 14-134, 110 Stat. 1321 (April 26, 1996).

<u>Atkins</u>, 487 U.S. 42, 48 (1988) (citations omitted).  However, even applying the deferential review accorded to <u>pro</u> <u>se</u> plaintiffs, the Court cannot discern from the Complaint which of Plaintiff's rights he believes was violated nor what conduct of Defendants he believes violated any of his rights.  Therefore, the Court concludes that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

In addition, the Court concludes that Plaintiff seeks monetary relief from Defendants who are immune from such relief. Under the Eleventh Amendment, a state, state agencies, and state officials sued in their official capacities for monetary damages, are generally immune from suits by private parties in federal court.  <u>A.W. v. Jersey City Public Schools</u>, 341 F.3d 234, 238 (3d Cir. 2003).  This immunity applies unless Congress has abrogated it pursuant to § 5 of the Fourteenth Amendment or the state has waived it.  <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 66 (1989).  Here, there is no indication that the state has waived its Eleventh Amendment immunity, and the Supreme Court has held that Congress did not abrogate the states' immunity with respect to § 1983.  <u>Id.</u> at 67-68.  The Delaware State Police is clearly a state agency and Plaintiff gives no indication that he is suing the Attorney General in her personal capacity. Therefore, both are immune from the monetary relief Plaintiff requests.  Furthermore, following the reasoning of the Third

4

Circuit in <u>Benn v. First Judicial Dist. of Pa.</u>, the Court
Concludes that the Delaware Family Court is also a state entity
and thus also immune from the monetary relief Plaintiff requests.
426 F.3d 233, 239-40 (3d Cir. 2005) (concluding that
Pennsylvania's First Judicial District is a state entity entitled
to Eleventh Amendment immunity).

To the extent that Plaintiff seeks injunctive relief
ordering Defendants to initiate criminal actions against various
persons and entities, he lacks standing to do so. <u>Linda R.S. v.
Richard D. et al.</u>, 410 U.S. 614, 619 (1973) (stating that "a
citizen lacks standing to contest the policies of the prosecuting
authority when he himself is neither prosecuted nor threatened
with prosecution"). Accordingly, the Court will dismiss
Plaintiff's Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and
1915A(b)(1), because it fails to state a claim upon which relief
may be granted and seeks monetary relief from Defendants immune
to such relief. Defendant's Motion For Appointment Of Counsel
will be dismissed as moot.

An appropriate order will be entered.